UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JAMES R. HOGG

VERSUS

CLEAR CHANNEL BROADCASTING, INC.

CIVIL ACTION

NUMBER 07-623-JJB-SCR

**NOTICE**

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have ten days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein.  Failure to file written objections to the proposed findings, conclusions and recommendations within ten days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Baton Rouge, Louisiana, October 29, 2007.

/s/ Stephen C. Riedlinger
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


JAMES R. HOGG

VERSUS

CLEAR CHANNEL BROADCASTING, INC.

CIVIL ACTION

NUMBER 07-623-JJB-SCR

**MAGISTRATE JUDGE'S REPORT**

Before the court is a Motion to Remand filed by plaintiff James R. Hogg. Record document number 4. The motion is opposed.[1]

Plaintiff filed suit in state court against his former employer Clear Channel Broadcasting, Inc., alleging the following:

> Mr. Hogg was terminated because of his age and/or in retaliation for complaining of (1) age discrimination and (2) that he was being retaliated against for taking FMLA [Family and Medical Leave Act] leave. Mr. Hogg contends that he was fired for age discrimination and/or for disclosing and threatening to disclose practices in violation of state and federal law. The defendant's conduct in this matter is in violation of Louisiana law, including, but not limited to, the Louisiana Whistleblower Statute, La. R.S. 23:967 and La. R.S. 23:312, et seq.[2]

He also alleged that he "filed a charge of discrimination with the U.S. Equal Employment Opportunity Commission. No Right to Sue letter has been issued to date, therefore no federal claims are

---

[1] Record document number 6.

[2] Record document number 1, Petition (attached to Notice of Removal), ¶ 16.

asserted herein."[3]

Defendant removed the case asserting subject matter jurisdiction under 28 U.S.C. § 1331 because the plaintiff cited a federal law as the basis for his claims.[4]

Plaintiff moved to remand arguing that his claims are brought exclusively under state law, and any ambiguities in the state court petition are construed against removal.

In its opposition the defendant again pointed to the portions of the state court petition it noted in the Notice of Removal. Defendant also argued that the plaintiff's FMLA retaliation claim is necessarily a federal claim because the state whistleblower law is only applicable to violations of state law.

### Applicable Law

The party invoking removal jurisdiction bears the burden of establishing federal jurisdiction over the state court suit. *Frank v. Bear Stearns & Company*, 128 F.3d 919, 921-22 (5th Cir. 1997). The federal removal statute is subject to strict construction because a defendant's use of that statute deprives a state court of a case properly before it and thereby implicates important federalism concerns. *Id*. Absent diversity of citizenship, removal is appropriate only for those claims within the federal question jurisdiction of the district courts. 28 U.S.C. § 1331. Under the

---

[3] *Id.* ¶ 18.

[4] *Id.,* Notice or Removal, ¶¶ 5, 6.

"well pleaded complaint" rule, as discussed in *Franchise Tax Board v. Construction Laborers Vacation Trust*,[5] federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.  A case may not be removed to federal court unless the plaintiff's complaint establishes that the cause of action arises under federal law.[6]  However, a federal court may find that a plaintiff's claim arises under federal law even though the plaintiff has not characterized it as a federal claim.  *Frank*, 128 F.3d at 922; *Aquafaith Shipping Ltd. v. Jarillas*, 963 F.2d 806, 808 (5th Cir.), *cert. denied*, 506 U.S. 955, 113 S.Ct. 413 (1992).

It is well established that the "arising under" language of § 1331 has a narrower meaning than the corresponding language in Article III of the U. S. Constitution, which defines the limits of the judicial power of the United States.  Federal question jurisdiction under § 1331 extends to cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of the substantial question of federal law. *Franchise Tax Board*, 463 U.S. at 27-28, 103 S.Ct. at 2855-56; *Frank v. Bear Stearns & Company*, *supra*.

To support removal, the defendant must locate the basis of

---

[5] 463 U.S. 1, 103 S.Ct. 2841 (1983).

[6] *Id.*, at 10-11, 103 S.Ct. at 2846-47.

federal jurisdiction in those allegations necessary to support the plaintiffs' claims, ignoring the defendant's own pleadings and notice of removal.  A defendant may not remove on the basis of an anticipated or even inevitable federal defense, but instead must show that a federal right is "an element, and an essential one, of the plaintiff's cause of action."  *Gully v. First National Bank*, 299 U.S. 109, 112, 57 S.Ct. 96, 97 (1936).  Under *Gully* and *Franchise Tax Board*, a complaint creates federal question jurisdiction when it states a cause of action created by state law and (1) a federal right is an essential element of the state claim, (2) interpretation of the federal right is necessary to resolve the case, and (3) the question of federal law is substantial.  *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 917 (5th Cir.), *cert. denied*, 534 U.S. 993, 122 S.Ct. 459 (2001).

It is well established that the plaintiff is the master of his complaint.  *Healy v. Sea Gull Speciality Company*, 237 U.S. 479, 480, 35 S.Ct. 658, 659 (1915).  A plaintiff with a choice between federal and state law claims may elect to proceed in state court on the exclusive basis of state law, thus defeating the defendant's opportunity to remove, but also taking the risk that his federal claims will one day be precluded.  *Carpenter v. Wichita Falls Ind. School Dist.*, 44 F.3d 362, 366 (5th Cir. 1995), *citing*, *Merrell Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804, 809, 106 S.Ct. 3229, 3233, n. 6 (1986).

Plaintiff's complaint cites two particular statutes, LSA-R.S. 23:312 and 967.  The former is the state's age discrimination law; the latter is the state's whistleblower law.  Under R.S. 23:303(A) the plaintiff has the right to file a suit in state district court to recover compensatory damages, back pay, benefits, reinstatement, or front pay if appropriate, reasonable attorney's fees and costs, for violation of LSA-R.S. 23:312.

Louisiana's whistleblower law provides, in pertinent part, as follows:

> A. An employer shall not take reprisal against an employee who in good faith, and after advising the employer of the violation of law:
>
> (1) Discloses or threatens to disclose a workplace act or practice that is in violation of state law.
>
> (2) Provides information to or testifies before any public body conducting an investigation, hearing, or inquiry into any violation of law.
>
> (3) Objects to or refuses to participate in an employment act or practice that is in violation of law.

The statute also states: "Reprisal includes firing, layoff, loss of benefits, or any discriminatory action the court finds was taken as a result of an action by the employee that is protected" under the statute.  LSA-R.S. 23:967(C)(1).  An employee who suffers reprisal under the statute may bring a civil action against the employer for damages, reasonable attorney fees, and court costs.  LSA-R.S. 23:967(B).  While the Louisiana Supreme Court has not interpreted this statute, it is the consensus thus far of the lower

5

Louisiana courts that the employer must have committed an actual violation of state law.  *Accardo v. Louisiana Services & Indem. Co.*, 2005-2377 (La.App. 1 Cir. 6/21/06), 943 So.2d 381; *Hale v. Touro Infirmary*, 2004-0003 (La.App. 4 Cir. 11/3/04), 886 So.2d 1210, *writ denied*, 2005-0103 (La. 3/24/05), 896 So.2d 1036; *Puig v. Greater New Orleans Expressway Comm'n*, 2000-924 (La.App. 5 Cir. 10/31/00), 772 So.2d 842, *writ denied*, 2000-3531 (La. 3/9/01), 786 So.2d 731.

### **Analysis**

Defendant has the burden of demonstrating that at least one of the plaintiff's alleged claims arises under federal law.  A review of the plaintiff's allegations in light of the applicable law leads to the conclusion that the defendant has failed to meet this burden.

Plaintiff's allegations in ¶ 16 of his petition do refer to the federal Family and Medical Leave Act, and he alleged that he was terminated because of his age and in retaliation for taking FMLA leave.  If only these allegations had been pled, a strong case could be made in support of federal question jurisdiction.  However, in the same paragraph, the plaintiff goes on to allege that the defendant's conduct violated Louisiana law - not any federal law.  Two paragraphs after, the plaintiff alleged that "no federal claims are asserted herein."  Plaintiff maintained in his motion to remand his position that he has asserted no federal

6

claims.

Plaintiff's state law age discrimination claim can stand on its own. Plaintiff is not required to prove a federal age discrimination claim to support his state law age discrimination claim.

As explained by the defendant, a violation of federal law will not support a state law whistleblower claim. Therefore, proof of age discrimination under federal law, or retaliation in violation of the FMLA, are not essential elements of the plaintiff's state law whistleblower claim, and his right to relief does not necessarily depend on resolution of a substantial question of federal law. In these circumstances, the plaintiff's choice to assert no federal claims should be respected.

### Recommendation

It is the recommendation of the magistrate judge that the Motion to Remand filed by plaintiff James R. Hogg be granted.

Baton Rouge, Louisiana, October 29, 2007.

*[signature]*

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE